UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEPHANIE GORDON,<br><br>                            Plaintiff,<br>v.<br>SKY RANCH MOTEL,<br><br>                            Defendant. | Case No. 2:21-cv-00642-APG-DJA<br><br>**Order Accepting Report and Recommendation and Dismissing Complaint**<br><br>[ECF No. 3] |

On May 9, 2017, Magistrate Judge Albregts recommended that I deny plaintiff Stephanie Gordon's application to proceed *in forma pauperis*, and that I dismiss her complaint with prejudice. ECF No. 3. Judge Albregts found that the complaint lacks an arguable basis in law and fact, and that amendment would be futile. Ms. Gordon filed an objection to the recommendation, complaining about the actions of the defendant and the justice system. ECF No. 4.

I have conducted a de novo review of the issues set forth in Judge Albregts' Report and Recommendation under Local Rule IB 3-2. I agree that the complaint fails to state a valid claim. Ms. Gordon asserts the defendant has stolen and tampered with her mail, and she seems to request that the defendant's contract with HELP of Southern Nevada be terminated. ECF No. 1-1. Mail fraud is a crime, and it is up to the United States Attorney to prosecute such crimes. If Ms. Gordon is a crime victim, she should contact the appropriate state or federal authorities to request that they prosecute the defendant. To the extent Ms. Gordon seeks to have the defendant's contract with HELP of Southern Nevada terminated, it does not appear she is a party to or beneficiary of that contract, so she would lack standing to demand that relief.

Finally, it does not appear from the complaint that this court has subject matter jurisdiction over Ms. Gordon's allegations and claims. This court can adjudicate two types of

claims: those arising under a federal statute or the United States Constitution (called federal question jurisdiction), or those involving citizens of different states where the amount in controversy exceeds $75,000 (called diversity jurisdiction).  Ms. Gordon's claims do not appear to fall under either category.  She should consider pursuing her claims in state court.  Nevertheless, because Ms. Gordon is appearing pro se, I will give her a chance to amend her complaint if she can allege sufficient facts to properly plead claims that can be resolved by this federal court.

I THEREFORE ORDER that the Report and Recommendation **(ECF No. 3) is accepted in part** as follows.  I will defer ruling on the pending application to proceed in forma pauperis (ECF No. 1).

I FURTHER ORDER the clerk of court to file the complaint (ECF No. 1-1).

I FURTHER ORDER that the complaint is dismissed without prejudice.  If Ms. Gordon intends to pursue her claims in this federal court instead of in state court, I will allow her until September 30, 2021 to file an amended complaint if she can cure the defects pointed out in this order and in Magistrate Judge Albregts' Report and Recommendation.  Her amended complaint will then be screened by the Magistrate Judge.  If she fails to timely file a proper amended complaint, this case will be closed.

DATED THIS 7th day of September, 2021.

_____
UNITED STATES DISTRICT JUDGE